---

(11 Misc. Rep. 409.)

### TABB v. UNITED ELECTRIC LIGHT & POWER CO.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

APPEAL—WEIGHT OF EVIDENCE.
     A finding by the trial justice on conflicting evidence will not be disturbed on appeal.

Appeal from First district court.

Action by William R. Tabb against the United Electric Light & Power Company to recover for certain advertisements. From a judgment in favor of defendant, rendered by the justice without a jury, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Charles R. Ingraham, for appellant.
Cravath & Houston, for respondent.

GIEGERICH, J. The action was brought to recover the sum of $100 for the publication of an advertisement in pursuance of an agreement made between the Lawrence Publishing Company, plaintiff's assignor, and the defendant, of which the following is a copy:

"$100.                                                    January 4th, 1894.

   "To Hotel Association of the City of New York: Please insert our advertisement in the Memorial Volume of the Hotel Association of the City of New York, commemorating their Fifteenth Anniversary and Banquet at Delmonico's, January, 1894, to occupy the space of one page, for which we agree to pay one hundred dollars, on presentation of a copy of this publication.
   "Accepted. Name:                    United Electric Light & Power Co.,
   "Date ——.                              Wm. H. Browne, Genl. Mgr.
   "Address:                            15 Beekman St., Vanderbilt Bldg."

The circumstances which led to the execution of this contract are involved in dispute, and there were presented to the trial justice

for his determination certain questions of fact in relation thereto, arising out of the following propositions, viz.: In the first place, the plaintiff claims that the same inured to the benefit of his assignor by reason of an agreement alleged to have been made between said hotel association and plaintiff's assignor, whereby the latter agreed to publish said memorial volume, and as compensation for such work it (plaintiff's assignor) was to receive all moneys paid on contracts for the insertion of advertisements in such volume; and, secondly, the defendant charges that the above contract was procured by false and fraudulent representations, made by an agent of the plaintiff's assignor to the defendant's general manager. The plaintiff's evidence upon the first-mentioned subject consists chiefly of conversations which plaintiff testified he had on behalf of his assignor with certain members of the executive committee of the hotel association individually, "not as a body," the substance of which was that they thought favorably of the witness' plan to publish the proceedings at the banquet. And in this connection he further testified: "Q. Who was to pay for it? A. That was more between Mr. Fanning and Mr. Merrifield. He understood that the advertising would pay for it." The plaintiff's testimony as to these matters is contradicted by that of Mr. Simeon Ford, who was a member of the executive committee of the association at the time of the transaction, and who subsequently became the secretary of the association, and Mr. E. L. Merrifield, the president of the association, both of whom testified that neither the executive committee nor the association made any arrangement with plaintiff's assignor for the publication of the memorial volume. Plaintiff lays great stress upon the fact that Mr. William J. Fanning, the secretary of the association, gave to the representative of the plaintiff's assignor a paper writing, bearing date October 6, 1893, that:

"The Lawrence Publishing Company is authorized to prepare and publish a report of the fifteenth annual banquet of the above association, to be held in January, 1894, and we cheerfully commend said company to all persons interested in this subject as the only persons authorized by said association to report the proceedings of said banquet, and secure advertisement for the same."

And also upon the fact that Mr. Merrifield, the president of the association, gave to the representative of plaintiff's assignor a paper writing, of which the following is a copy:

"Continental Hotel. E. L. Merrifield, Proprietor.
"Wednesday, 11/9, 1893.

"The bearer is authorized to solicit advertisements for the Memorial Volume of the Hotel Association of New York City. Any favors or courtesies shown him will be duly appreciated. E. L. Merrifield."

These letters, however, are of no possible advantage to the plaintiff, as neither of the officers in question had, under the constitution and by-laws of the association, any power or authority to bind the association; that power being alone vested in the executive committee, consisting of five members, which, according to the constitution, has "general supervision of the affairs and property of the association." Moreover, Mr. Merrifield's testimony shows that the association had not entered into any arrangement with the plain-

tiff's assignor, and that he acted individually, and not for the association, when he signed the letter. He testified, in part:

"They called to see me in regard to getting up this work, and wanted the sanction of the hotel association. I told them I had no authority to give any sanction, that they would have to see the executive committee, and, if the executive committee approved of it, that would be a different thing; and I thought it was a good thing, and something that would please the hotel men, but I gave no authority at all in the matter. * * * They came to me, and wanted a letter in regard to getting advertisements. I said I would give a letter, which might aid them in getting advertisements, which I did, and signed it with my own name individually. I did not mix the hotel people with it, as I had no authority to do so."

After careful consideration of all the evidence upon this branch of the case, we are satisfied that the trial justice's determination of the facts in regard thereto was amply justified. The evidence in regard to the second subject amply sustains the charge that the contract signed by the defendant was procured by fraud. William H. Browne, the general manager of the defendant, testified that he was induced to sign the contract upon the representation made by a representative of the plaintiff's assignor that he represented the Hotel Men's Association, and only them, and that the money was to go to them, to be used to pay their expenses in connection with the banquet. He further testified:

"He presented a blank form of order. I said, 'In order to make this without question, I propose to write on the order that it is for the Hotel Men's Association.' He said: 'I haven't any objection. It is for them and them only.' I wrote the order, filled it out, and wrote, 'To the Hotel Association of the City of New York.' I gave it to him. He distinctly said no other party was represented."

He also testified that subsequently, upon hearing that the Hotel Men's Association had nothing to do with the matter, he refused to have anything to do with it. It is significant that the person who is named as having made the alleged fraudulent representations was not called to the witness stand to deny them. We think that the decision of the trial justice as to the facts was in all respects correct, and we see no reason for disturbing it, in the absence of the elements which are requisite to review such determination (Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731; Weiss v. Strauss [Com. Pl. N. Y.] 14 N. Y. Supp. 776); and that therefore the judgment appealed from should be affirmed, with costs. All concur.